IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:19-po-00067-AC |
| v. | **ORDER** |
| MICHAEL L. KUHN, II, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

On or about November 25, 2018, a U.S. Forest Service officer issued defendant Michael L. Kuhn, II ("Kuhn") a ticket for "being in a closed area" in the Columbia River Gorge National Scenic Area, after an anonymous hiker reported Kuhn and two other individuals hiking on a closed trail. The docket reflects that Kuhn initially appeared in federal court on February 1, 2019, and that his trial was set for April 4, 2019, continued to June 7, 2019, and continued again to August 2, 2019. The government now requests that the Court again continue the trial date to a later date. Kuhn opposes the request, and asks the Court to dismiss the petty offense citation pursuant to Federal Rule of Criminal Procedure 48(b) for "unnecessary delay" in bringing Kuhn to trial.

Importantly, the government acknowledges that it agreed with counsel for Kuhn that the August 2, 2019 trial setting would be a "firm" trial date. (Govt's Resp. at 7.) Kuhn requested a firm trial date because he had already requested a day off of work for the June hearing, and would need to request another day off of work for the actual trial. (Def.'s Reply at 4-5.) At the time the parties agreed to the August trial date, the government conferred with Kuhn's counsel about possible trial dates and the government represented that its witnesses were available for trial on August 2, 2019. (*Id.*) In mid-July, the government informed Kuhn's counsel that it may need to request another continuance because the original citation included the wrong Code of Federal Regulations ("C.F.R.") cite, but the government did not inform Kuhn's counsel at that time that its key witness was unavailable for trial. Only after Kuhn filed his objection to the continuance did the government disclose that the U.S. Forest Service officer who issued the citation is on a "pre-planned vacation" and will not return until after the agreed-upon August 2 trial date. Despite several opportunities to do so, the government has not explained to the Court why the government scheduled a firm trial date for a date on which its key witness was unavailable due to a pre-planned vacation.

The Speedy Trial Act does not appear to apply to misdemeanor citations adjudicated via a Central Violations Bureau ("CVB") citation not charged in a formal charging document. Nevertheless, courts must hold the government accountable to bring a criminal case to trial in a timely manner and without prejudice to the defendant, even if the charge is a CVB petty offense. Here, the Court finds that the government has not presented good cause for continuing the firm trial date to which it agreed, based either on the pre-planned vacation of its witness or its need to correct the C.F.R. cite on the original ticket. *Cf.* 18 U.S.C. § 3161(h)(5) (a new charging document reflecting the same offense does not reset the speedy trial clock).

The Court has discretion to grant or deny requests for a continuance. *Torres v. United States*, 270 F.2d 252, 253-55 (9th Cir. 1955). Relevant factors to consider include the party's diligence in preparing for trial, whether the continuance would serve a useful purpose, the inconvenience to the parties, the court, or witnesses, and the prejudice resulting from the continuance. *See United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995). Although the Court notes that a continuance here would serve a useful purpose for the government, the government was not diligent in securing the attendance of its witness for the firm trial date to which it agreed. Indeed, the government has not asserted that the witness' absence is due to an emergency or other exigent circumstance; rather, it was a pre-planned vacation. In addition, rescheduling the agreed-upon trial date would result in an inconvenience to Kuhn, who requested time off work in reliance on the government's representation of a firm trial date. Furthermore, the Federal Public Defender's certified law student representing Kuhn, who has worked on his case throughout the summer, will be unavailable for trial when the government's witness returns from vacation, resulting in a loss of continuity of counsel for Kuhn.

For these reasons, the Court finds that the government's request to continue the agreed-upon firm trial date is untimely and without good cause. **The trial shall proceed as scheduled at 9 a.m. on August 2, 2019, before the Honorable Youlee Y. You in Courtroom 12B.** Alternatively, if the government prefers to reschedule the trial to August 8, 2019 (a date upon which both Kuhn and his counsel represent they are available), the government shall file its motion to continue on or before noon on August 1, 2019. (If the government's witness is not available during the morning of August 8, the Court will endeavor to identify a U.S. Magistrate Judge who can accommodate an afternoon trial setting.)

///

The Court denies, without prejudice, Kuhn's motion to dismiss the petty offense citation.

**IT IS SO ORDERED.**

DATED this 31st day of July, 2019.

*Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge